IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED CENTRAL BANK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2906-L** |
| | § | |
| **McMILLON ENTERPRISES, L.L.C.** | § | |
| d/b/a Sun Valley Landscape | § | |
| Maintenance, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Amended Motion for Default Judgment, filed December 10, 2014. After careful review of the motion, exhibits, record, and applicable law the court **grants** Plaintiff's Amended Motion for Default Judgment.

**I.    Background**

United Central Bank ("Plaintiff" or "UCB") filed this action on August 13, 2014. UCB filed Plaintiff's First Amended Complaint ("Amended Complaint") on August 25, 2014. The court has reviewed Plaintiff's Original Complaint ("Plaintiff's Complaint") and the Amended Complaint, and both documents show that UCB seeks the identical relief. Further no new claims were asserted in the amended pleading. Although Defendant was served with only the original pleading, Defendant fares none the worse and suffers no legal prejudice because it did not answer or respond to the original pleading. Moreover, the court ordered Plaintiff to file the Amended Complaint to allege sufficient facts to show that the court had jurisdiction over the matter.

This is an action for the failure to repay a loan. UCB lent McMillon Enterprises, L.L.C. ("Defendant" or "McMillon") $495,000 on March 21, 2008. The loan was secured by a Promissory Note ("Note"). On May 10, 2014, UCB advised McMillon that the Note was in default and allowed McMillon until May 27, 2014, to cure the default. McMillon failed to cure the default, and on June 11, 2014, UCB provided McMillon with notice that the Note would be accelerated. After the Note was accelerated, Defendant failed to pay the Note, and Plaintiff filed this action.

McMillon was served with summons and copy of Plaintiff's Complaint on August 18, 2014. Pursuant to Rule 12 or the Federal Rules of Civil Procedure, McMillon was required to file an answer or otherwise respond by September 8, 2014. McMillon has not answered or otherwise responded to Plaintiff's Complaint.

On September 15, 2014, UCB requested the clerk of the court to enter a default against McMillon. The clerk issued an entry of default against McMillon on the same day. Plaintiff now requests that a default judgment be entered in its favor against Defendant.

**II.    Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against McMillon. Further, McMillon is not an infant, incompetent person, or a member of the United States military.

McMillon, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of Plaintiff's Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206

**Memorandum Opinion and Order – Page 2**

(5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that McMillon breached its obligation to pay the Note and is in default. UCB is entitled to entry of a default judgment and appropriate damages that are a direct result of McMillon's breach and failure to pay the Note.

UCB has produced sufficient evidence to establish the damages it suffered. After all credits, offsets and payments were applied to the Note, McMillon owed UCD the sum of $155,467.03; unpaid interest of $40,269.32 from February 1, 2011, at the rate of 4.75% per annum; late charges of $2,095.90; attorney's fees of $51,305.37 incurred in the Guarantor Bankruptcy Case as a result of attempting to collect the Note; and appraisal and title search expenses of $2,930.48, for a total amount of **$252,068.10** as of December 1, 2014. The court will use this date as the cutoff date for any damages and unpaid interest because it would have issued a default judgment on or before December 1, 2014, had sufficient information been provided initially to the court.

The court has reviewed the affidavit of Mr. Patrick J. Schurr and the relevant time records for legal services performed by the attorneys who worked on the Guarantor Bankruptcy Case in the United States Bankruptcy Court for the District of Arizona. Mr. Schurr reduced his hourly fees from $350-$400 per hour to a negotiated fee of $275. Mr. Jacob Sparks', who handled the bankruptcy case worked under Mr. Schurr's supervision, hourly rate is $250 per hour. Mr. Schurr has been an attorney since 1989, and Mr. Sparks has been an attorney since 2008.

The court has significant experience in awarding attorney's fees in various matters and is familiar with rates charged by attorneys in the North Texas area. The rates charged by Messrs. Schurr and Sparks are reasonable and customary for attorneys with their level of experience.

Further, the record reflects that the hours expended were reasonable and necessary in an attempt to collect the Note. Accordingly, the amount requested by Plaintiff for attorney's fees will be awarded. The court, however, does not award attorney's fees for services rendered at the appellate level unless ordered to do so by the Unites States Court of Appeals for the Fifth Circuit. Moreover, the amount of fees, if any, is speculative at this juncture.

### III.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Amended Motion for Default Judgment. The court will, by separate document, issue a judgment in favor of UCB and against McMillon in the total amount of **$252,068.10.**

**It is so ordered** this 30th day of January, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge